IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT MICHAL,<br><br>         Plaintiff,<br><br>    v.<br><br>SAFECO INSURANCE COMPANY OF AMERICA,<br><br>         Defendants.<br>_____/ | No. C 14-0637 MMC<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND; VACATING APRIL 18, 2014 HEARING** |

Before the Court is plaintiff's Motion for Remand, filed March 3, 2014, in which plaintiff argues the instant action, which was removed February 11, 2014, should be remanded to state court for lack of diversity jurisdiction. Defendant has filed opposition; plaintiff has not filed a reply. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter suitable for determination on the parties' respective written submissions, VACATES the hearing scheduled for April 18, 2014, and rules as follows.

A defendant may remove an action on the basis of diversity of citizenship where there is complete diversity between all named plaintiffs and all named defendants, where the amount in controversy exceeds $75,000, and where no defendant is a citizen of the forum state. See 28 U.S.C. § 1332(a); 28 U.S.C. § 1441(b). Once an action has been removed, "[i]f at any time before final judgment it appears that the district court lacks

subject matter jurisdiction, the case shall be remanded." See 28 U.S.C. § 1447(c). The defendant has the burden of proving removal is proper, see Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992), and must show that the amount-in-controversy requirement is satisfied by a preponderance of the evidence, Gibson v. Chrysler Corp., 261 F.3d 927, 933 (9th Cir. 2001).

Here, contrary to plaintiff's argument, the Court finds the parties are diverse. (See Compl. ¶ 2 (alleging plaintiff is resident of California); Push Decl. ¶¶ 2-4 (attesting to defendant's place of incorporation as New Hampshire and principal place of business as Boston, Massachusetts); see also S. Michal's Request for Judicial Notice Ex. A at 2).)

The Court further finds, again contrary to plaintiff's argument, the amount in controversy exceeds $75,000. Although plaintiff's claim for damages incurred to date totals less than $75,000 (see Compl. at 6 (listing past damages in amount of $43,566.50)), plaintiff also seeks as damages attorney's fees incurred in further pursuing the instant litigation (see Compl. ¶¶ 19, 22); Brandt v. Superior Court, 37 Cal. 3d 813, 817 (1985) (holding attorney's fees recoverable as damages where "insurer's tortious conduct reasonably compels insured to retain an attorney to obtain the benefits due under a policy"), as well as punitive damages (see Compl. ¶ 21); Simon v. San Pablo U.S. Holding Co., 35 Cal. 4th 1159, 1182 (2005) (finding cases "approving ratio [between punitive and compensatory damages] of 3 or 4 to 1 . . . instructive") (internal quotation and citation omitted).

Accordingly, the motion is hereby DENIED.

**IT IS SO ORDERED.**

Dated: April 14, 2014

MAXINE M. CHESNEY
United States District Judge